

FILED

**March 23, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

## IN THE COURT OF APPEALS OF TENNESSEE

### AT NASHVILLE

ROGER DALE MARTIN, and wife,   )
VICKIE CHRISTINA DOWDEN        )
MARTIN,                        ) DAVIDSON CIRCUIT
                               ) No. 98A-199
  Petitioners-Appellants,   )
                               )
vs.                            ) APPEAL NO.
                               ) M1999-00210-COA-R3-CV
CAROL ANNETTE BILLY MARTIN,    )
                               )
  Respondent-Appellee.      )

APPEAL FROM THE FOURTH CIRCUIT COURT
FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HON. MURIEL ROBINSON, JUDGE

For Petitioners/Appellants:    For Respondent/Appellee:

PAUL A. RUTHERFORD,     *pro se.*
RUTHERFORD, DEMARCO,
WHITE & KURTZ,
Nashville, Tennessee.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

HERSCHEL P. FRANKS, JUDGE

## OPINION

The Trial Judge dismissed appellants' Petition for Termination and Adoption against Carol Annette Billy Martin ("Respondent"). The petitioners are the father and stepmother of the three minor children, and respondent is the biological mother of these children.

The children's father and mother were divorced on February 23, 1996, and entered into a Marital Dissolution Agreement which gave the mother the custody of the three children. The father was awarded visitation and was ordered to pay child support. Subsequently, the parties entered an Agreed Order that vested custody of the children to the father, but the mother was not ordered to pay any child support. Visitation was allowed at all reasonable times and places agreed upon by the parties.

The father insists that the Petition to Terminate the mother's parental rights should have been granted.

In a non-jury case, our review is *de novo* accompanied by a presumption of correctness of the Trial Court's finding, unless the evidence preponderates otherwise. T.R.A.P. Rule 13(d).

Parents have a fundamental right to the care, custody and control of their children. *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1206 (1972). However, that right is not absolute, and parental rights may be terminated if there is clear and convincing evidence justifying such termination under the applicable statute. Tenn. Code Ann. §36-1-113(c)(1). *Also see Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388 (1982); *Tennessee Department of Human Services v. Riley*, 689 S.W.2d 164 (Tenn. Ct. App. 1984).

Upon trial, the Trial Court determined that there had been no voluntary payments made toward the support of the children by the mother, but the Court could not find willful abandonment under the statutory definition, since the parties had agreed that the mother was not to pay child support.

The Tennessee Supreme Court recently struck down the statutory definition of "willfully failed to support" and "willfully failed to make reasonable payments toward such child's support" as being unconstitutional. *In Re Swanson*, 2 S.W.3d 180 (Tenn. 1999). The Court reasoned that the definitions created an

2

irrebuttable presumption that the failure to provide monetary support for the four months preceding the petition constitutes abandonment, irrespective of whether the failure was intentional. The Court held that only the portion of the statute containing those definitions was invalidated, and "[u]ntil otherwise amended by our legislature, the definition that was in effect under prior law shall be applied." *Id.* at 189.

As the Court in *Swanson* noted under the prior statute, the definition of "abandoned child" contained an element of intent both in failures to visit and failures to support. *Id.* at n.15. The Supreme Court had articulated the standards for determining abandonment in adoption cases as follows:

> Abandonment imports any conduct on the part of the parent which evinces a settled purpose to forego all parental duties and relinquish all parental claims to the child. . . .

*In re Adoption of Bowling*, 631 S.W.2d 386,389 (Tenn. 1982). *Also see In re Adoption of Female Child (Bond v. McKenzie)*, 896 S.W.2d 546, 547 (Tenn. 1995). In order to establish abandonment, the Court requires the evidence to establish a "conscious disregard or indifference" for parental obligations, and must demonstrate there has been

> an actual desertion, accompanied with an intent to entirely sever so far as is possible to do so, the parental relationship and throw off all obligations growing out of the same.

*Fancher v. Mann*, 432 S.W.2d 63, 65 (Tenn. Ct. App. 1968).

In this case, the mother has paid no child support to the father for the care of the children since the time the father became the primary custodian. However, as the Trial Court noted, pursuant to the agreed Order granting the father custody, the mother was not required to pay any support. We affirm the Trial Court's finding that petitioner failed to provide clear and convincing evidence that the mother intentionally failed to support the children.

The petitioners also alleged abandonment, based on the mother's "willful failing to visit" for a period of four consecutive months, to visit or engage in more than token visitation. T.C.A. §36-1-102(1)(E). Token visitation is visitation, that under the circumstances, constitutes nothing more than perfunctory visitation or is of such a nature as to merely establish minimal or insubstantial contact with the child.

3

T.C.A. §36-1-102(1)(C).

The record reveals periodic visitation, letters and telephone conversations between the mother and the children. Also, the mother had been living in Oklahoma, and the Trial Court properly took this fact into consideration when finding that failure to visit was not willful. We affirm the Trial Court's judgment that petitioners failed to show by clear and convincing evidence that the mother's failure to visit was willful. We affirm the Trial Court's dismissal of the Petition for abandonment of the children.

The mother was not represented at trial and did not appear at the hearing. During the proceeding the Trial Court ordered the mother to pay $50.00 per week in child support for the care and maintenance of the three children to the father. The order existing at the time of the trial provided that the mother would not pay child support at the time, due to her economic situation. In this action, the father did not apply for support and, more importantly, there was no evidence showing a substantial and material change in circumstances, i.e., there was no evidence offered at trial as to the mother's ability to pay. *See* T.C.A. §36-5-101.

The issue of child support was not properly before the Court, and the Trial Judge was in error in setting child support. That order is reversed.

The Petition is in all things dismissed and the cause remanded, with cost of the appeal assessed to the appellants.

_____
Herschel P. Franks, J.

CONCUR:


_____
Charles D. Susano, Jr., J.

_____
D. Michael Swiney, J.

4